**Opinion issued September 29, 2020**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-19-00668-CV

—————————————

**NORTHWEST EMS CONSULTANTS, P.A. D/B/A NORTH CYPRESS EMS, Appellant**

**V.**

**FRANCES GUILLORY, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-61162**

---

## DISSENT FROM DENIAL OF EN BANC RECONSIDERATION

A majority of the court has denied en banc reconsideration of the panel's split decision in this case. I respectfully dissent from the court's refusal to reconsider.

This is a simple healthcare liability suit in which the plaintiff alleges that emergency medical technicians were negligent in dropping her while they carried

her on a stretcher. As required by the healthcare liability statute, the plaintiff supported her claim with expert reports, which the defendant challenged. The trial court rejected the defendant's challenge to the adequacy of the reports. A majority of the panel reversed and remanded, holding that:

> (1) the plaintiff's expert reports do not provide a fair summary of the standard of care or explain how the defendant breached this standard;
>
> (2) the plaintiff's experts are not qualified to opine about causation; and
>
> (3) the plaintiff's expert reports do not explain the causal relationship between the defendant's breach of the standard of care and her injuries.

The dissent to the panel majority's opinion correctly rejected these holdings. *See Nw. EMS Consultants v. Guillory*, No. 01-19-00668-CV, 2020 WL 4516872 (Tex. App.—Houston [1st Dist.] Aug. 6, 2020, no pet. h.) (mem. op.) (Goodman, J., dissenting). In short, the healthcare liability statute sets a low bar for the sufficiency of expert reports. As the trial court held, the plaintiff cleared this bar. And the panel majority trips up the plaintiff by erroneously elevating this bar into a high hurdle.

Among other errors, the panel majority applied a more demanding standard of sufficiency to the expert reports than the healthcare liability statute requires. In this respect, the panel majority's opinion is incompatible with *Abshire v. Christus Health Se. Tex.*, 563 S.W.3d 219 (Tex. 2018) (per curiam), *Baty v. Futrell*, 543 S.W.3d 689 (Tex. 2018), and *Cook v. Broussard*, No. 01-19-00483-CV, 2020 WL 1917841 (Tex. App.—Houston [1st Dist.] Apr. 21, 2020, no pet.) (mem. op.). The

2

panel majority's failure to adhere to the binding precedent of the Supreme Court as well as our own precedent, standing alone, merits en banc reconsideration. *See* TEX. R. APP. P. 41.2(c) (reconsideration warranted "to secure or maintain uniformity of the court's decisions" and in "extraordinary circumstances").

The panel majority's opinion also effectively requires the plaintiff to file an expert report that consists of information well known by laymen, such as:

- how to hold onto an object;

- how to avoid dropping it while walking; and

- how to spot hazards in transit.

An expert report opining on these mundane topics would be little more than "junk science," which Texas courts exclude, not require. *See E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995). The imposition of such an extraordinary requirement, contrary to the law, in such an uncomplicated case likewise merits reconsideration by the full court. *See* TEX. R. APP. P. 41.2(c).

Nor are these the only significant errors in the panel majority's opinion. It distorts the law applicable to healthcare liability expert reports not only as to the sufficiency of the reports with respect to the standard of care and its breach but also as to medical causation and expert qualifications. If the full court will not reconsider its decision, the Supreme Court of Texas should. *See* TEX. GOV'T CODE § 22.001(a).

3

Gordon Goodman
Justice

En banc court consists of Chief Justice Radack and Justices Keyes, Lloyd, Kelly, Goodman, Landau, Hightower, Countiss, and Adams.

Justices Keyes, Lloyd, Kelly, and Goodman, dissenting.